CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
OCT 21 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SCOTT EDWARD KNIGHT, <br>     Petitioner, <br><br> v. <br><br> DIRECTOR OF DEPARTMENT OF <br> CORRECTIONS, <br>     Respondent. | Civil Action No. 7:14-cv-00236 <br><br> MEMORANDUM OPINION <br><br> By:  Hon. Jackson L. Kiser <br>        Senior United States District Judge |

Scott Edward Knight, a Virginia inmate proceeding pro se, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his confinement pursuant to the April 14, 2011, judgment of the Circuit Court of the City of Staunton. After reviewing the petition, I find that it must be dismissed as unexhausted.

A federal court may not grant a § 2254 habeas petition unless the petitioner exhausted the remedies available in the courts of the state in which petitioner was convicted. 28 U.S.C. § 2254(b); Preiser v. Rodriguez, 411 U.S. 475 (1973); Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, a non-death row convict can exhaust state remedies in one of three ways, depending on the nature of the claims raised. First, the convict can file a direct appeal to the Virginia Court of Appeals with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against the convict. VA. CODE § 17.1-411. Second, the convict can attack the conviction collaterally by filing a state habeas petition with the circuit court where the convict was convicted and then appealing an adverse decision to the Supreme Court of Virginia. Id. § 8.01-654(A)(1); Va. Sup. Ct. R. 5:9(a). Finally, the convict can exhaust remedies by filing a state habeas petition directly with the Supreme Court of Virginia. VA. CODE § 8.01-654(A)(1).

Whichever route is taken, the convict ultimately must present the claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider the claims. A habeas petitioner has not exhausted state remedies if the petitioner has the right under state law to raise the question presented by any available procedure and fails to do so. 28 U.S.C. § 2254(c).

The record clearly shows that Petitioner has not presented claims to the Supreme Court of Virginia.[1] Petitioner's failure to exhaust state remedies mandates dismissal of the petition.[2] Based upon the finding that Petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER**: This 21st day of October, 2014.

Senior United States District Judge

---

[1] Petitioner had filed a direct appeal to the Supreme Court of Virginia. However, Petitioner acknowledges in his response to the motion to dismiss that he did not present the instant claims to the Supreme Court of Virginia, either via the appeal from the Court of Appeals of Virginia or a state habeas corpus petition.

[2] Petitioner may refile his federal habeas petition if he unsuccessfully presents the claims to the Supreme Court of Virginia through one of the three routes described. Petitioner is advised, however, that his time to file state and federal habeas petitions is limited. See 28 U.S.C. § 2244(d); VA. CODE § 8.01-654(A)(2); Va. Sup. Ct. R. 5:9(a).